Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:  +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendant
Capital One Bank, sued erroneously as Capital
One Financial Corporation Dba Capital One

**SC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA AQUINO, an individual, | No.: |
| Plaintiff, | [San Francisco County Superior Court Case No. CGC-07-469906] |
| vs. | |
| CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE; CIR LAW OFFICES, LLP; CHRISTOPHER BEYER, an individual, | **DEFENDANT CAPITAL ONE BANK'S NOTICE OF REMOVAL** |
| Defendants. | |

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2  **NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES:**

3

4      **PLEASE TAKE NOTICE** that Defendant Capital One Bank ("Capital One") hereby

5  removes this action from San Francisco Superior Court to the United States District Court for the

6  Northern District of California pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. Removal is

7  warranted because this is a civil action within the federal question jurisdiction of the federal district

8  court and over which this Court has original jurisdiction under 28 U.S.C. § 1331.

9      1.    On December 11, 2007, Plaintiff Myrna Aquino ("Plaintiff") filed a complaint against

10  Capital One, CIR Law Offices LLP, and Christopher Breyer, in the Superior Court of the State of

11  California, County of San Francisco, which was docketed at Case No. CGC-07-469906

12  ("Complaint"). A copy of the Complaint filed in this action is attached hereto as Exhibit A. No

13  further proceedings have occurred in this action.

14      2.    A Copy of the summons is attached hereto as Exhibit B.

15      3.    The Complaint was served by mail, outside the state of California, on or after

16  December 13, 2007.

17      4.    The Complaint asserts claims for violation of the Fair Debt Collection Practices Act

18  under 15 U.S.C. §§ 1692 *et seq.* and for violation of the California Fair Debt Collections Practices

19  Act. The allegations in the Complaint challenge Capital One's debt collection practices. *See*

20  Complaint.

21      5.    The filing of this Notice of Removal is timely, as it was filed within the time period

22  prescribed by 28 U.S.C. § 1446.

23      6.    **Jurisdiction:** Jurisdiction is proper because the Complaint states a claim for relief

24  presenting a federal question and arising under 15 U.S.C. §§ 1692 *et seq*. The facts supporting

25  jurisdiction are further explained above.

26      7.    Venue is proper in this Court pursuant to 28 U.S.C. § 93(c) because it is the "district

27  and division within which such action is pending." *See* 28 U.S.C. § 1446(a).

28

8.     **Intradistrict Assignment:** This action in currently pending in the San Francisco Superior Court. The United States District Court for the Northern District of California embraces San Francisco County and therefore, the San Francisco headquarters of the United States District Court for the Northern District of California is a proper venue for the action. 28 U.S.C. § 84(a); 28 U.S.C. § 1446(a). Assignment to this court is proper under the Civil Local Rules because the action arises in San Francisco County. Civil Local Rule 3-5(b), 3-2(c) and (d).

9.     As of the date of filing this Notice of Removal, the Superior Court docket does not show any other defendant has been served.

10.    No previous request has been made for the relief requested herein.

11.    Capital One is filing written notice of this removal with the Clerk of the San Francisco Superior Court, the Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Capital One is serving a copy of Notice OF Filing of Notice of Removal, together with this Notice Of Removal, upon the Plaintiff pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to the clerk of the Superior Court of the County of San Francisco and to the adverse party that will be filed is attached hereto as Exhibit C. Capital One will separately file a proof of service with this Court once it serves the Notice of Filing of Notice of Removal on the adverse party.

12.    Capital One demands trial by jury. F.R.C.P. 38(b); Civil Local Rule 3-6.


WHEREFORE Capital One hereby removes the action now pending against it in the Superior Court of the State of California, County of San Francisco to this Honorable Court.


DATED:  January 22, 2008

REED SMITH LLP


By _____
David S. Reidy
Attorneys for Defendant
Capital One Bank

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSSFO-12504076.1-JEHEFFNE 1/22/08 9:12 AM

DEFENDANT CAPITAL ONE BANK'S NOTICE OF REMOVAL

# Exhibit A

1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  ATTORNEYS FOR PLAINTIFF

ENDORSED
FILED
San Francisco County Superior Court

DEC 1 1 2007

GORDON PARK-LI, Clerk
BY: _____ PARAM NATT
              Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

APR 1 1 2008 - 10:30 AM

DEPARTMENT 212

6

7

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF SAN FRANCISCO

11                     LIMITED CIVIL

12  MYRNA AQUINO, an individual,          Case No.:  CGC-07-469906

13              Plaintiff,                **COMPLAINT FOR DAMAGES FOR**
                                          **VIOLATION OF THE CALIFORNIA AND**
14  v.                                    **FEDERAL FAIR DEBT COLLECTION**
                                          **PRACTICES ACT**
15  CAPITAL ONE FINANCIAL
    CORPORATION dba CAPITAL ONE; CIR
16  LAW OFFICES, LLP; CHRISTOPHER         **DEMAND FOR JURY TRIAL**
    BEYER, an individual,

17  _____ Defendants. _____/

18

19                     I. **INTRODUCTION**

20       1.    This is an action for damages brought by a consumer seeking redress for

21  Defendants' violation of the California Fair Debt Collection Practices Act, Cal. Civ. Code §

22  1788 et seq. ("CA FDCPA") and the federal Fair Debt Collection Practices Act, 15 U.S.C. §

23  1692 ("FDCPA).

24       2.    The CA FDCPA prohibits debt collectors from engaging in conduct which has

25  been determined by the legislature to be detrimental to the public confidence in the sound

26  functioning of the California banking and credit system.  The Act requires debt collectors to

27  conduct their business with fairness, honesty and due regard for the consumer's rights.

28       3.    The CA FDCPA incorporates certain provisions of the FDCPA that also regulates

1  debt collectors.

2      4.    Violation of the CA FDCPA and the FDCPA subjects debt collectors to actual and

3  statutory damages, attorney's fees, and costs.

4                    II. JURISDICTION AND VENUE

5      5.    This court has jurisdiction over this action pursuant to Cal. Civ. Code § 410.10,

6  Cal. Civ. Proc. § 86, and 15 U.S.C. § 1692k(d).

7      6.    Venue is proper in this county because Defendants do business in this county,

8  Plaintiff resides in this county, and the acts complained of occurred in this county.

9                           III. PARTIES

10     7.    Plaintiff, MYRNA AQUINO ("Ms. Aquino") is an elderly widow who resides in

11  San Francisco County.

12     8.    Defendant CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE

13  ("Capital") conducts business from 15000 Capital One Drive, Richmond, VA 23230-1119.

14  Service of process can be made on its chief executive officer, at the company's principal office.

15     9.    Defendant Capital One collects its own debts and is a debt collector as defined at

16  Cal. Civ. Code § 1788.2(c), which states:

17          **(c) The term "debt collector" means any person who, in the
             ordinary course of business, regularly, on behalf of himself or**
18          **herself or others, engages in debt collection.**

19     10.   Defendant CIR LAW OFFICES ("CIR") is a California law office that does

20  business from 8665 Gibbs Drive, Suite 150, San Diego, CA 92123. Service of legal process is

21  made on its managing partner, Christopher Beyer, at the aforementioned address.

22     11.   Defendant CIR is a law firm whose principal practice is debt collection.

23  Defendant CIR is a debt collector as defined at 15 U.S.C. § 1692a(6), which states:

24          **(6) The term "debt collector" means any person who uses any
             instrumentality of interstate commerce or the mails in any**
25          **business the principal purpose of which is the collection of any
             debts, or who regularly collects or attempts to collect, directly**
26          **or indirectly, debts owed or due or asserted to be owed or due
             another.**

27

28     12.   Defendant CHRISTOPHER BEYER ("Beyer") is an attorney and managing

1  partner in the firm of CIR Law Offices.  Service of process can be made on Defendant Beyer at

2  the aforementioned CIR address.

3      13.    Defendant Beyer is a debt collector as defined at 15 U.S.C. § 1692a(6).

4      14.    Defendant Capital appointed Defendants CIR as its agent to collect Plaintiff's

5  debt.  Defendant Capital is liable for the conduct of its agent in its collection of Plaintiff's

6  account.

7                          IV.  FACTUAL ALLEGATIONS

8      15.    Some time ago, Ms. Aquino was issued a credit card by Defendant Capital.  The

9  card was used by Ms. Aquino to purchase on credit goods and services for her personal needs.

10     16.    Because of medical problems, Ms. Aquino was unable to pursue gainful

11 employment and was forced to live on a small pension and government assistance.

12     17.    The income received by Ms. Aquino was not sufficient to pay her debts.  Her

13 creditors and their agent debt collectors were pursuing her such that she was nervous, upset, and

14 distressed.

15     18.    Ms. Aquino turned to the law for the protections it might furnish her from the

16 aggressive debt collectors.

17     19.    Ms. Aquino enlisted the aid of attorney Irving L. Berg to deal with her creditors

18 and their agent debt collectors.

19     20.    Ms. Aquino was advised that, once the creditors and collectors were told that she

20 was represented by an attorney, the creditors and collectors were required to leave her alone and

21 deal with her attorney.  Unfortunately, as hereafter alleged, this was not to be.

22     21.    On May 27, 2007, Plaintiff's attorney, over his office stationary, wrote Capital

23 advising of his representation of Ms. Aquino.  A copy of the letter is attached hereto as Exhibit

24 A.

25     22.    Defendant Capital paid no heed to the law regulating its debt collection activities,

26 as Ms. Aquino was called by Capital's debt collectors on June 4, 6, 8, 9, 12, and 14, 2007.

27     23.    On June 21, 2007, Defendant Capital, in a turn of events, agreed to comply with

28 the law, as evidenced by its letter of June 21, 2007, to Plaintiff's attorney, Exhibit B.

COMPLAINT FOR DAMAGES                                    MYRNA AQUINO V. CAPITAL ONE
                              3                          FINANCIAL CORPORATION, et al.

1    24.    On September 11, 2005, Plaintiff's attorney spoke with Defendant Capital's

2    employee, Hassam, who was advised of Plaintiff's attorney's previous correspondence with

3    Defendant Capital (Exhibit A) as to his representation.

4    25.    Defendant Capital's employee, Hassam, said attorney Berg's representation would

5    not be recognized without sending a power of attorney by registered mail.  A letter

6    memorializing the conversation is attached as Exhibit C.  Mr. Hassam was advised that the law

7    did not require other than attorney notice.

8    26.    Defendant Capital then, through its Capital One Services, promised to comply

9    with the law and direct all further comments to Plaintiff's attorney, Exhibit D.

10    27.    Defendant Capital thereafter sent collection of the account to its agent, CIR, who

11    contacted Plaintiff directly by letter, signed by Christopher Beyer, though Defendant Capital, in

12    transferring the collection file to its agent, included attorney representation notice and

13    communications by Plaintiff's attorney.

14    28.    Plaintiff alleges that Defendant Beyer, in addition to failing to heed or review

15    Plaintiff's notice of attorney representation dated October 31, 2007, Exhibit E, did not make a

16    professional review of the Plaintiff's file before sending its collection letter to Plaintiff, rather

17    than her attorney.

18    29.    Defendant CIR, in addition to failing to direct its correspondence to Plaintiff's

19    attorney, continued to contact Plaintiff by telephone collection calls to Plaintiff.

20    30.    Defendants knew or should have known that their actions violated the debt

21    collection laws.  Additionally, Defendants could have taken the steps necessary to bring their

22    actions within compliance with the debt collection laws, but neglected to do so and failed to

23    adequately review their actions to insure compliance with the debt collection laws.

24    31.    At all times pertinent hereto, Defendants were acting by and through their agents,

25    servants and/or employees, who were acting within the scope and course of their employment,

26    and under the direct supervision and control of the Defendants herein.

27    32.    At all times pertinent hereto, the conduct of Defendants, as well as that of its

28    agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in

COMPLAINT FOR DAMAGES                                    MYRNA AQUINO V. CAPITAL ONE
                                    4                    FINANCIAL CORPORATION, et al.

1  wanton disregard of the law and the rights of the Plaintiff herein.

2      33.    As a result of Defendant's conduct, Plaintiff has sustained actual damages

3  including, but not limited to, emotional and mental pain and anguish, and Plaintiff will continue

4  to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

5        **V. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

6      34.    Plaintiff incorporates by reference the foregoing paragraphs as though the same

7  were set forth at length herein.

8      35.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and

9  Cal. Civ. Code § 1788.2(c) of the CA FDCPA.

10      36.    The above contacts by Defendant are "communications" relating to a "debt" as

11  defined by 15 U.S.C. §§ 1692a(2) of the FDCPA.

12      37.    Defendant violated the FDCPA. Defendant's violations include, but are not

13  limited to, violations of 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(3), 1692e(10

14  and 1692f, as evidenced by the following conduct:

15      A.    Contacting Plaintiff after being notified Plaintiff was represented by an

16  attorney and that all communications were to be to her attorney;

17      B.    sending a collection letter over an attorney's letterhead and signature

18  without any meaningful professional involvement by an attorney;

19      C.    Engaging in conduct the natural consequence of which is to harass,

20  oppress, or abuse any person in connection with the collection of a debt;

21      D.    Causing a telephone to ring or engaging any person in telephone

22  conversation repeatedly or continuously with the intent to annoy, abuse, or harass any

23  person at the called number; and

24      E.    Otherwise using false, deceptive, misleading and unfair or unconscionable

25  means to collect or attempt to collect a debt from the Plaintiff.

26      38.    Defendants' acts as described herein were done with malicious, intentional,

27  willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the

28  purpose of coercing Plaintiff to pay the debt.

COMPLAINT FOR DAMAGES

5

MYRNA AQUINO V. CAPITAL ONE
FINANCIAL CORPORATION, et al.

## VI. SECOND CLAIM FOR RELIEF - VIOLATION OF THE CA FDCPA

39.    Plaintiff incorporates all of the foregoing paragraphs of the First Claim for Relief pursuant to Cal. Civ. Code § 1788.17.

40.    Plaintiff incurred a consumer debt in a credit transaction as defined by Cal. Civ. Code § 1788.2.

41.    Defendants engaged in conduct with Plaintiff that violated Cal. Civ. Code § 1788.11(b) by placing telephone calls without disclosing Defendant's identity.

42.    Defendants engaged in conduct with Plaintiff that violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring continuously to annoy the person called.

43.    Defendants engaged in conduct in violation of Cal. Civ. Code § 1788.11(e):

> (e)  Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

44.    Defendants engaged in conduct in violation of Cal. Civ. Code § 1788.13(b) by the false representation that the person sending the collection letter from the agent, Defendant CIR, was an attorney or counselor at law.

45.    Defendants engaged in conduct in violation of Cal. Civ. Code § 1788.13(c) by:

> . . .communication with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or counselor at law. . . .

46.    Defendants engaged in conduct in violation of Cal. Civ. Code § 1788.14(c):

> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, . . . .

## VII. PRAYER

47.    As a result of the Defendants' conduct, as alleged herein, Plaintiff prays for damages as follows:

A.    Statutory damages against Defendant Capital in the sum of $2,000;

COMPLAINT FOR DAMAGES

6

MYRNA AQUINO V. CAPITAL ONE
FINANCIAL CORPORATION, et al.

1   B.  Statutory damages against Defendant CIR in the sum of $2,000;

2   C.  Statutory damages in the sum of $2,000 against Defendant Beyer;

3   D.  Actual damages against Defendants Capital, CIR, and Beyer in the sum of $4,000,

4 according to proof;

5   E.  Reasonable attorney's fees and costs, as provided by 15 U.S.C. § 1692k and Cal.

6 Civ. Code § 1788.30.

7

8 Dated: __12/5/07__        /s/_____
                Irving L. Berg
9               THE BERG LAW GROUP
               145 Town Center, PMB 493
10              Corte Madera, California 94925
               (415) 924-0742
11              (415) 891-8208 (Fax)

12              ATTORNEY FOR PLAINTIFF

13

           DEMAND FOR TRIAL BY JURY.
14
  Plaintiff hereby demands a trial by jury.
15

16 Dated: __12/5/07__        /s/_____
                Irving L. Berg
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES        MYRNA AQUINO V. CAPITAL ONE
          7       FINANCIAL CORPORATION, et al.

EXHIBIT A

*THE BERG LAW GROUP*
*ATTORNEYS AND COUNSELORS AT LAW*
*145 Town Center, PMB 493*
*Corte Madera, California 94925*
*Phone: (415) 924-0742  Fax: (415) 891-8208*
*e-mail irvberg@comcast.net*

IRVING L. BERG, ESQ.

May 27, 2007

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Re:  *Myrna Aquino aka Myrna G. Aquino*
     Account No's xxx7434; xxxx6309;
     Amount: $1,242.93;  $1,050.68;

Dear Sir or Madame:

The captioned consumer is a client of this office.  All communications concerning my client's financial affairs, including the captioned debt, and any other debts you claim are owed by my client shall hereafter be made to this office in writing.

Your collection practices are governed by at 15 U.S.C. § 1692c(a)(2) and California Civil Code § 1788.14(c).  If you have any doubt as to these matters, deliver this letter to your attorney or insurance carrier.

My office responds only to written communication not telephone calls.

In the unlikely event that the legal relationship with my client is terminated, you will be notified in writing.

The law prohibits you from contacting my client or my client's employer concerning the alleged debts.  Likewise, you are prohibited from contacting my client's family regarding the alleged debts.  All contact shall only be with my office.

Please be advised that recording of telephone calls is prohibited by California law.

Further, please note that, should a legal action be brought in connection with your collection practices, that legal action could result in a judgment that would include actual costs of filing the complaint, actual costs of service of process, and reasonable attorney's fees.

Sincerely,

Irving L. Berg
ILB/cf

replletterCD.frm

**EXHIBIT B**



PO Box 30285
Salt Lake City, UT 84130-0285

June 21, 2007

1286

Irving Berg
145 Town Center
PMB 493
Corte Madera, CA 94925

Re: 4388642073067434
    4862362483956309
Customer Name: Myrna Aquino
Creditor: Capital One Bank

Dear Irving Berg:

Thank you for contacting Capital One® regarding our mutual customer. I am glad you brought their concerns to my attention.

We are sorry to hear of your client's financial challenges. It is understandably a difficult time for them. Please know that we welcome the opportunity to work directly with you or your client to reach an agreeable solution regarding their account.

To address our customer's concerns, I have removed their telephone number from our call list and have stopped written communications regarding the collection of this debt. We will continue to send monthly statements, on active accounts, for as long as we are required to do so.

Our Financial Solutions Department must adhere to all applicable rules and regulations when contacting a customer about an account that is delinquent or overlimit. I regret any inconvenience experienced.

I hope this information resolves your concerns. If you have additional questions or concerns, please contact our office at 1-800-955-6600.

Sincerely,

*Susan W. Ashton*

Susan W. Ashton
Customer Relations Account Manager
Capital One Services, Inc.

This is not an attempt to collect a debt, but a response to your inquiry
©2007 Capital One Services, Inc. Capital One is a federally registered trademark. All rights reserved.

PAGE 01 OF 01

001588 / QA-  1561/DO

EXHIBIT C

THE BERG LAW GROUP
*ATTORNEYS AND COUNSELORS AT LAW*
*145 Town Center, PMB 493*
*Corte Madera, California  94925*
*Phone: (415) 924-0742  Fax: (415) 891-8208*
e-mail irvberg@comcast.net

IRVING L. BERG, ESQ.

September 12, 2007

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Re:    *Myrna Aquino aka Myrna G. Aquino*
       Social Security No.: xxx-xx-1938

Dear Sir or Madame:

On May 27, 2007, you were sent the enclosed letter advising that this office represented Myrna Aquino.  Under California law, Cal. Civ. Code § 1788.14(c), notice of attorney representation prohibits you from:

> (c) Initiating communications, other than statements of account, wit the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney. . . .

Since my letter of May 27, 2007, you have sent directly to my client, contrary to law, collection notices which in no way can be construed as Statements of Account.

Further collections calls were made to my client on June 4, 6, 8, 9, 12, and 14, 2007.

Your collection calls and letters have caused my elderly client serious upset.

On September 11, 2007, I called 1-800-955-6606, and spoke with one Hassan, who stated Capital One would not recognize my representation without a power of attorney sent by registered mail to the below address.

This letter advises that your attempt to engraft on the California law a requirement to provide Capital One a power of attorney sent by registered mail, to ignore my notice of attorney representation, and harass my client with collection letters and collection calls is unlawful.

*THE BERG LAW GROUP*
*ATTORNEYS AND COUNSELORS AT LAW*
*145 Town Center, PMB 493*
*Corte Madera, California 94925*
*Phone: (415) 924-0742  Fax: (415) 891-8208*

IRVING L. BERG, ESQ.

December 13, 2007

Chief Executive Officer
Capital One Financial Corporation
15000 Capital One Drive
Richmond, VA 23230-1119

Re:    Myrna Aquino v. Capital One Financial Corporation, et al.
       San Francisco Superior Court No.: CGC-07-469906

Dear Chief Executive Officer:

You are served, as an officer of Capital One Financial Corporation dba Capital One, the enclosed
Summons and Complaint and related documents.

Sincerely,

Irving L.  Berg
ILB/rl

Re:    Myrna Aquino
September 11, 2007
Page 2

You are advised that unless you are able to provide legal authority for your conduct, within seven (7) days hereof, suit will be brought to recover statutory and actual damages.

Please respond.

Sincerely,


Irving L. Berg
ILB/rl
cc:    Gary L. Perlin, Chief Financial Officer
         Capital One
         1680 Capital One Drive
         McLean, VA 22102
       Myrna Aquino (w/o encl.)

**EXHIBIT D**



Capital One Services, Inc.
15000 Capital One Drive
Richmond, Virginia 23238

**Cheryl Jones**
Direct Dial (804) 284-2794
Facsimile (804) 284-2757

September 26, 2007

**VIA OVERNIGHT MAIL**
Irving L. Berg
The Berg Law Group
Attorney and Counselors at Law
145 Town Center, PMB 493
Corte Madera, CA  94925

Re:  *Myrna Aquino aka Myrna G. Aquino*
     **Account numbers xxxx7434; xxxx6309**

Dear Mr. Berg:

Capital One is in receipt of your letter dated September 12, 2007 regarding the above referenced matter.  In your letter you state that you are representing Myrna Aquino and requested that all communications concerning your client's financial affairs, including the captioned debt and any other debts owed by Ms. Aquino be made to your office in writing.

Pursuant to your request, all further communications regarding the accounts in the name of Myrna Aquino except her statements of accounts will be directed to your attention.

If you have any questions, please give me a call at (804) 284-2794 during the hours of 8:00-4:00pm EST (Monday through Friday).

Very truly yours,

Cheryl Jones
Litigation Specialist

**EXHIBIT E**

THE BERG LAW GROUP
*ATTORNEYS AND COUNSELORS AT LAW*
*145 Town Center, PMB 493*
*Corte Madera, California 94925*
*Phone: (415) 924-0742 Fax: (415) 891-8208*
e-mail irvberg@comcast.net

IRVING L. BERG, ESQ.

October 31, 2007

Christopher Beyer, Esq.
CIR Law Offices
8665 Gibbs Drive, Suite 150
San Diego, CA 92123

Re:   *Myrna G. Aquino____*          **Notice of Attorney Representation and**
       Your File No.: 340394-7        **Notice of Dispute**
       Alleged Creditor: Capital One Bank

Dear Sir or Madam:

The captioned consumer is a client of mine. All communications concerning my client's financial affairs, including the captioned debt, and any other debts you claim are owed by my client, shall hereafter be made to this office in writing. In the unlikely event that the legal relationship with my client is terminated, you will be notified in writing.

Should you have any question regarding the identification of my client, send your inquiry in writing to the undersigned. Only written inquiries will be acknowledged.

The alleged debts are disputed. Provide verification, including the agreement with the original creditor granting you the right to collect the alleged debt. Also include the agreement signed by my client obligating my client to pay the alleged debt.

Your collection practices are governed by Federal and California consumer laws. If you have any doubt as to these matters, deliver this letter to your attorney or insurance carrier. **The law prohibits you from contacting my client, my client's employer, or my client's family regarding the alleged debts. All inquiries regarding my client's financial affairs shall be directed to the undersigned, in writing.**

Further, please note that, should a legal action be brought in connection with your collection practices, that legal action could result in a judgment that would include actual costs of filing the complaint, actual costs of service of process, and reasonable attorney's fees.

Sincerely,

Irving L. Berg
ILB/rl

repletterCD9.frm



CERTIFIED MAIL

006 2760 0000 5492 9861

**From:**

**THE BERG LAW GROUP**
**145 TOWN CENTER, PMB 493**
**CORTE MADERA, CA 94925**

**To:**

**Chief Executive Officer**
**Capital One Financial Corporation**
**15000 Capital One Drive**
**Richmond, VA 23230-1119**
**PERSONAL AND CONFIDENTIAL**
**COURT DOCUMENTS ENCLOSED**





# Exhibit B

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

<table>
<tr><td>
NOTICE TO DEFENDANT:<br>
(AVISO AL DEMANDADO):<br>
CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE;<br>
CIR LAW OFFICES, LLP; CHRISTOPHER BEYER, an individual<br><br>

YOU ARE BEING SUED BY PLAINTIFF:<br>
(LO ESTÁ DEMANDANDO EL DEMANDANTE):<br>
MYRNA AQUINO, an individual
</td><td>
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)
</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr><td>
The name and address of the court is:<br>
(El nombre y dirección de la corte es):<br>
Superior Court of California, County of San Francisco - Limited Civil<br>
400 McAllister Street, Suite 103<br>
San Francisco, CA  94102-4514
</td><td>
CASE NUMBER:<br>
(Número del Caso)<br>
-07-469906
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Irving L. Berg, Attorney at Law, THE BERG LAW GROUP
145 Town Center, PMB 493, Corte Madera, CA  94925,  (415) 924-0742

DATE: DEC 1 1 2007    Gordon Park-Li    Clerk, by _____ P NATT _____ , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

# Exhibit C

Abraham J. Colman (SBN 146933)
David S. Reidy (SBN 225904)
James E. Heffner (SBN 245406)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant
Capital One Bank, sued erroneously as Capital
One Financial Corporation Dba Capital One

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

LIMITED JURISDICTION

| | |
|---|---|
| MYRNA AQUINO, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE; CIR LAW OFFICES LLP; CHRISTOPHER BEYER, an individual,<br><br>    Defendants. | Case No. CGC-07-469906<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL**<br><br>Compl. Filed:    December 11, 2007 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12504103.1-JEHEFFNE 1/22/08 11:39 AM

NOTICE OF FILING OF NOTICE OF REMOVAL

1   **TO PLAINTIFF, HIS ATTORNEY OF RECORD, AND THE CLERK OF THE COURT:**

2       PLEASE TAKE NOTICE that on January 18, 2008, Defendant Capital One Bank ("Capital

3   One") removed the above-captioned action to the United States District Court of the Northern

4   District of California.  A true and correct copy of Capital One's Notice of Removal is attached here

5   as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), this Court shall take no further action with regard to

6   the above-captioned action unless and until the case is remanded.

7

8       DATED:  January 22, 2008

9                                           REED SMITH LLP

10

11                              By

12                                           David S. Reidy
                                            Attorneys for Defendant
                                            Capital One Bank

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## PROOF OF SERVICE

2  *MYRNA AQUINO V. CAPITAL ONE BANK* {ERRONEOUSLY SUED AS CAPITAL ONE FINANCIAL CORP.}
   USDC, NORTHERN DISTRICT, CASE NO. CGC-07-469906

3

4       I am a resident of the State of California, over the age of eighteen years, and not a
   party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center,
   Suite 2000, San Francisco, CA 94111-3922 On **January 22, 2008**, I served the following

5  document(s) by the method indicated below:

6  **DEFENDANT CAPITAL ONE BANK'S NOTICE OF REMOVAL**

7  ☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully
       prepaid, in the United States mail at San Francisco, California addressed as set forth below.

8      I am readily familiar with the firm's practice of collection and processing of
       correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal

9      Service on that same day with postage thereon fully prepaid in the ordinary course of
       business. I am aware that on motion of the party served, service is presumed invalid if the

10     postal cancellation date or postage meter date is more than one day after the date of deposit
       for mailing in this Declaration.

11

12 ☒   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
       express mail service for guaranteed delivery on the next business day following the date of
       consignment to the address(es) set forth below.

13

14 ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal
       delivery of the envelope(s) to the person(s) at the address(es) set forth below.

15

16     **Attorneys for Plaintiff**

17     Irving L. Berg, Esq.
       THE BERG LAW GROUP
       145 Town Center, PMB 493

18     Corte Madera, CA 94925
       Tel:    (415) 924-0742

19

20      I declare under penalty of perjury under the laws of the United States that the above is
   true and correct. Executed on **January 22, 2008**, at San Francisco, California.

21

22

23                                          Patricia Giatis

24  DOCSSFO-12504429.1

25

26

27

28

*vertical left margin:* REED SMITH LLP   A limited liability partnership formed in the State of Delaware