Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant
Capital One Bank, sued erroneously as Capital
One Financial Corporation Dba Capital One

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA AQUINO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE; CIR LAW OFFICES, LLP; CHRISTOPHER BEYER, an individual,<br><br>　　　　　Defendants. | No.: 3:08-cv-479<br><br>**DEFENDANT CAPITAL ONE BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF PLAINTIFF MYRNA AQUINO [FRCP 12(B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　　　March 7, 2008<br>Time:　　　　　10:00 a.m.<br>Place:　　　　　Courtroom 1<br><br>Compl. Filed:　　December 11, 2007<br><br>Honorable:　　　Samuel Conti |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 7, 2008 at 10:00 a.m., before Hon. Samuel Conti, in Courtroom 1, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Capital One Bank ("Capital One"), erroneously sued as Capital One Financial Corporation Dba Capital One, will and hereby does move to dismiss the Complaint ("Complaint") filed in the above-referenced action by Plaintiff Myrna Aquino ("Plaintiff"). Capital One specifically seeks dismissal on the basis that the Complaint fails to state a cause of action based on the facts alleged. Fed. R. Civ. Proc. ("FRCP") 12(b)(6).

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and upon such other oral or documentary evidence that may be presented to the hearing on this Motion.

DATED: January 28, 2008          REED SMITH LLP

                                  By: /s/
                                      James E. Heffner
                                      Attorneys for Defendant
                                      Capital One Bank

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff attempts to state claims against Capital One for violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"). The Complaint does not contain the necessary allegations to support either of these claims against Capital One. Plaintiff does not allege that Capital One is a "debt collector" as defined by the FDCPA; as a matter of law, therefore, Capital One is not subject to its requirements. Further, the Complaint does not provide facts supporting a violation of the Rosenthal Act, relying instead on blanket assertions that simply track the language of the statute. Consequently, without an allegation that Capital One is a "debt collector" under the FDCPA, or the necessary factual allegations to support a claim under the Rosenthal Act, the Complaint fails to state facts sufficient to constitute a cause of action and should be dismissed.

## II. MATERIAL ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that Capital One issued her a credit card that she used to purchase goods and services for her personal needs. Complaint, ¶ 15. Plaintiff admits that she was unable to pay her debts. *Id.* at ¶ 16-17. Plaintiff alleges that she hired an attorney to "deal with" the creditors and debt collectors. *Id.* at ¶ 19.

Plaintiff alleges that, on Sunday May 27, 2007, her attorney wrote a letter advising Capital One that she was represented by counsel. *Id.* at ¶ 21. Plaintiff does not allege when she sent her letter, or indeed when Capital One received it. Plaintiff admits that Capital One responded to the letter on June 21, 2007 and agreed to remove Plaintiff's telephone number from its call list, discontinue written communications to Plaintiff regarding the debt, and adhere to all rules and regulations. *Id.* at ¶ 23; Exh. B. Capital One again confirmed its agreement, in a letter dated September 26, 2007, to send all correspondence, with the exclusion of Plaintiff's statements of accounts, directly to Plaintiff's attorney. Complaint, Exh. D. Plaintiff alleges that Capital One's "debt collectors" contacted her by phone on June 4, 6, 8, 9, and 14, 2007. Complaint, ¶ 22. Plaintiff makes no allegations of debt collection activity by Capital One following its June 21 letter.

Plaintiff's additional factual allegations are directed, not at Capital One, but against "defendant" or "defendants." Since two other "defendants" are named, it is unclear to whom these allegations are directed. For example, Plaintiff's allegations for violation of the FDCPA are alleged against "defendant" without any identification as to whether the claim is against Capital One. *Id.* at ¶¶ 36-37. Plaintiff's allegations supporting a claim for violation of the Rosenthal Act are alleged against "defendants," again without any indication as to how Capital One is involved. *Id.* at ¶¶ 41-46.

Plaintiff's remaining "allegations" consist of mere conclusions of law without factual support. For example, Plaintiff alleges that "[d]efendants engaged in conduct with Plaintiff that violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring continuously to annoy the person called." *Id.* at ¶ 42. Plaintiff also alleges that "defendants" placed "telephone calls without disclosing Defendant's identity." *Id.* at ¶ 41. None of these allegations identify Capital One or enjoy any factual support.

### III. <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). Under Rule 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[,] . . . [and must contain] enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957)). "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles*, 119 F. 3d 778, 783, n.1 (9th Cir. 1997).

Although allegations of material fact in the complaint are taken as true, mere conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.

*Associated Gen. Contractors v. Met. Water Dist. of S. Cal.*, 159 F. 3d 1178, 1181 (9th Cir. 1998). In addition, facts disclosed in exhibits trump any inconsistent allegations in the challenged complaint. *Durning v. First Boston Corp.*, 815 F. 2d 1265, 1267 (9th Cir. 1987) (court may disregard allegations in the complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint).

## IV. ARGUMENT

### A. Plaintiff Does Not Allege a Cognizable Claim Under the Federal FDCPA Because Capital One is Not A "Debt Collector" Under That Statute.

Plaintiff's first cause of action for violation of the federal FDCPA, 15 U.S.C. §§ 1692 *et seq.*, fails as a matter of law because Capital One is not a "debt collector" as defined by the FDCPA. The FDCPA regulates the collection practices of "debt collectors." 15 U.S.C. § 1692. To state a claim under the FDCPA, therefore, a Plaintiff must allege that a defendant is a "debt collector" as defined by the statute. 15 U.S.C. § 1692a(6); *see also Uyeda v. Cambece Law Office*, 2005 U.S. Dist. LEXIS 9271, *7 (N.D. Cal. 2005) (stating that a plaintiff must allege the defendant collecting debts is a "debt collector" under 15 U.S.C. § 1692(a)). Under the statute, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts *owed or due or asserted to be owed or due to another*." 15 U.S.C. § 1692a(6) (emphasis added). This requires Plaintiff to plead facts supporting the conclusion that Capital One's <u>principal purpose is debt collection</u> or that it regularly collects <u>debts owed to another</u>. *See Showalter v. Chase Manhattan/Providian*, 2005 U.S. Dist. Lexis 45465 (N.D. Cal. 2005). Plaintiff does not allege that Capital One's principal purpose is debt collections, nor does she allege that Capital One collects the debt of another.

In fact, Plaintiff admits that Capital One is <u>not</u> a "debt collector" under the FDCPA. The FDCPA expressly excludes from the definition of "debt collector" one who, "in the name of the creditor, collects debts for such creditor." 15 U.S.C. § 1692a(6)(A). Indeed, it is well settled that, "'creditors' who collect in their own name are not 'debt collectors'" under the FDCPA, and are therefore not covered by the statute. *Showalter*, 2005 U.S. Dist. LEXIS 45465, *6 (dismissing

complaint under the FDCPA because Plaintiff provided no facts supporting the allegation that defendant, Chase Bank, was a debt collector as defined by the FDCPA). The only allegations of debt collection activities by Capital One are that Capital One contacted Plaintiff to collect its own debt. Complaint, ¶¶ 15, 16, 22. Consequently, Capital One is not a "debt collector," is not subject to the requirements of the FDCPA, and Plaintiff's FDCPA claim therefore fails as a matter of law and should be dismissed. FRCP 12(b)(6).

### B. The Complaint Fails to Allege Facts Supporting a Violation of the Rosenthal Act.

Plaintiff's second claim attempts to state a cause of action against "defendants" for violation of the Rosenthal Act. Cal. Civ. Code §§ 1788 *et seq.*; Complaint, ¶ 39-46. One of the requirements to state a claim under the Rosenthal Act is to establish that the defendant engaged in an act or omission in violation of the prohibitions of the Act. *See* Cal. Civ. Code § 1788.10, *et seq.*; *Chan v. North American Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353, *7 (E.D. Cal. 2006) (applying Federal Fair Debt Collection Practices Act). Plaintiff has made no allegation supporting a finding that Capital One violated a prohibition of the Rosenthal Act.

The only factual allegation of debt collection activity associated with Capital One does not support a Rosenthal Claim. Plaintiff alleges that Capital One's "debt collectors" continued to call Plaintiff over an approximately two week period after Plaintiff's attorney wrote a letter notifying Capital One that she had representation. Complaint, ¶ 21, 22. The letter is dated on May 27, 2007, the Sunday during Memorial Day weekend.[1] *Id.* Exh. A. Plaintiff does <u>not</u> allege when this letter was sent, and does <u>not</u> allege when Capital One received it. Plaintiff does admit that the debt collection calls stopped one full week before Capital One sent its letter acknowledging receipt of Plaintiff's letter and agreeing to refrain from contacting her about the debt. *Id.* at ¶ 23; Exh. B. Plaintiff alleges no debt collection activity following Capital One's June 21 letter. The Complaint makes clear that the debt collection activity stopped in response to Plaintiff's letter and, therefore, does not support a violation of the Rosenthal Act.

---

[1] Capital One notes that May 27, 2007 fell on Memorial Day weekend and, thus, that Tuesday, May 29 was the next business day. Capital One requests judicial notice of these facts pursuant to section 451(f) of the California Evidence Code.

Plaintiff's additional allegations merely list sections of the Rosenthal Act, primarily quoting the language verbatim, and allege each section was violated by "defendants" with no facts supporting any allegations against Capital One. Complaint, ¶¶ 41-46. For example, Plaintiff alleges that "[d]efendants engaged in conduct with Plaintiff that violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring continuously to annoy the person called," yet the Complaint is unclear whether Capital One ever even called Plaintiff and certainly provides no facts to show that her phone was caused to ring continuously. Complaint, ¶ 42. Another example is Plaintiff's allegation that "defendants" placed "telephone calls without disclosing Defendant's identity." Complaint, ¶ 41. Here, the Complaint makes no factual allegations that Capital One ever misidentified itself when contacting Plaintiff. In fact, Plaintiff provides various correspondences from Capital One that conflict with Plaintiff's conclusion by each clearly identifying Capital One as the sender. *See* Complaint, Exh. B, D.

The Supreme Court has recently held that courts need not "accept as true a legal conclusion couched as a factual allegation," and that *factual allegations must be enough to raise a right to relief above the speculative level.*" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Indeed, Under Rule 12(b)(6), a complaint's [f]actual allegations must be enough to raise a right to relief above a speculative level[,] . . . [and must contain] enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. Plaintiff's Complaint provides no required factual allegations to support her claims against Capital One, but merely identifies code sections as being allegedly violated. Without factual allegations supporting these blanket assertions of liability, her claim fails as a matter of law and should be dismissed. *Twombly*, 127 S. Ct. 1955, 1965; FRCP 12(b)(6).

///
///
///
///
///
///

## V. CONCLUSION

Plaintiff's Complaint fails to allege Capital One is a "debt collector" under the FDCPA, and also fails to make any factual allegations of wrongdoing by Capital One under the Rosenthal Act. As such, the Complaint fails to state facts sufficient to constitute any cognizable claim for relief. Capital One respectfully requests that its Motion to Dismiss be granted as to all causes of action asserted in the Complaint against Capital One.

DATED: January 28, 2008

REED SMITH LLP

By: /s/
James E. Heffner
Attorneys for Defendant
Capital One Bank