Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MYRNA AQUINO, an individual,<br><br>            Plaintiff,<br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE; CIR LAW OFFICES, LLP; CHRISTOPHER BEYER, an individual,<br><br>            Defendants. | Case No.:   CV 08-00479 SC<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CAPITAL ONE'S 12(b)(6) MOTION**<br><br>Date:         March 7, 2008<br>Time:        10:00 a.m.<br>Place:       Courtroom 1, 17th Floor<br>Compl. Filed: December 11, 2007<br>Judge:       Hon. Samuel Conti |

I.      STATEMENT OF THE FACTS

On January 22, 2008, Defendant Capital One Bank ("Capital") removed this action from the San Francisco Superior Court to this federal court. In its Notice of Removal it alleges:

> Jurisdiction is proper because the Complaint states a claim for relief presenting a federal question and arising under 15 U.S.C. §§ 1692, *et seq.* (Doc 1, ¶ 6).

Capital, in its Notice of Removal, summarizes Plaintiff's Complaint in six (6) paragraphs, none of which allege Capital is a debt collector under federal law. Plaintiff does not so allege because the Defendant Capital is not a debt collector under federal law. The Complaint, at ¶ 9, alleges Capital is a debt collector under California law, Cal. Civ. Code § 1788.2(c), which states:

> The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CAPITAL ONE'S 12(b)(6) MOTION         1

MYRNA AQUINO V. CAPITAL ONE FINANCIAL CORPORATION, et al.
CASE NO. 08-00479 SC

The Complaint, at ¶¶ 39-46, alleges Capital violates California law.

The Complaint as to Capital is without any fact giving this court jurisdiction over the pure California lawsuit.  The removal petition would be sanctionable except that this court has jurisdiction based on the status of the other defendants, i.e., CIR. Law Offices, LLP, and Christopher Beyer.  These defendants allow federal jurisdiction, as they are debt collectors under 15 U.S.C. § 1692a(6).

Defendant Capital, in a bizarre turn of events, now makes a 12(b)(6) motion to dismiss the Complaint as no federal misconduct has been alleged against it.  Defendant Capital is playing games.  It removes the case alleging federal jurisdiction, and then moves under 12(b)(6) to dismiss the action alleging no federal jurisdiction.  Its motion should be denied and the case should remain in this court as this court has jurisdiction based on the status of the remaining defendants, and as the alleged misconduct of Defendant Capital is adjudicable by this Court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1337.

II.     ARGUMENT

    A.     CAPITAL'S ARGUMENT THAT IT IS NOT A DEBT COLLECTOR UNDER THE FDCPA IS A "RED HERRING."  CAPITAL CREATES AN ISSUE THAT DOES NOT EXIST.

Capital, in its motion, at pp. 5-6 (Doc 5), argues that it is not a debt collector under federal law, saying:

> ...Plaintiff's FDCPA claim fails, as a matter of law, and should be dismissed under F.R.C.P. 12(b)(6).

Of course, Plaintiff has not alleged Capital is a debt collector under federal law.  Defendant so states:

> Plaintiff does not allege that Capital One is a "debt collector" as defined by the FDCPA.  (Doc 5:3:6,7)

That fact could not be clearer in even a cursory review, where it is alleged at Page 2, ¶ 9 of the Complaint:

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT CAPITAL
ONE'S 12(b)(6) MOTION                           2

MYRNA AQUINO V. CAPITAL ONE
FINANCIAL CORPORATION, et al.
CASE NO. 08-00479 SC

9. Defendant Capital One collects its own debts and is a debt collector as defined at Cal. Civ. Code § 1788.2(c), which states:

> **(c) The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.**

Likewise, Capital's status is clearly distinguished from that of the other defendants at ¶¶ 11-13 of the Complaint where it is stated:

11. Defendant CIR is a law firm whose principal practice is debt collection. Defendant CIR is a debt collector as defined at 15 U.S.C. § 1692a(6), which states:

> **(6) The term ``debt collector'' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.**

12. Defendant CHRISTOPHER BEYER ("Beyer") is an attorney and managing partner in the firm of CIR Law Offices. Service of process can be made on Defendant Beyer at the aforementioned CIR address.

13. Defendant Beyer is a debt collector as defined at 15 U.S.C. § 1692a(6).

When Defendant Capital creates a false issue to remove this case to a federal court, its conduct is not only wrong; it is sanctionable.

B. SHOULD THE COURT EXERCISE ITS SUPPLEMENTAL JURISDICTION TO HEAR THE STATE COURT CLAIMS, IT WILL FIND THAT THE COMPLAINT MEETS THE REQUIREMENT OF F. R. C. P. 8 BY SETTING FORTH A SHORT AND PLAIN STATEMENT OF PLAINTIFF'S CLAIM.

In federal court, pleadings are construed liberally so as to do justice. Litigants are generally required to satisfy notice pleading obligations, i.e., provide the opponent with fair notice of the claim and the grounds upon which it rests.

Plaintiff has done so: Ms. Aquino sets forth in her Complaint sufficient facts to put Capital on notice of her claim against Capital:

>    21.    On May 27, 2007, Plaintiff's attorney, over his office stationary, wrote Capital advising of his representation of Ms. Aquino. A copy of the letter is attached hereto as <u>Exhibit A</u>.
>
>    22.    Defendant Capital paid no heed to the law regulating its debt collection activities, as Ms. Aquino was called by Capital's debt collectors on June 4, 6, 8, 9, 12, and 14, 2007.

And Ms. Aquino clearly sets forth the grounds on which the Complaint against Capital is brought:

>    40.    Plaintiff incurred a consumer debt in a credit transaction as defined by Cal. Civ. Code § 1788.2.
>
>    41.    Defendants engaged in conduct with Plaintiff that violated Cal. Civ. Code § 1788.11(b) by placing telephone calls without disclosing Defendant's identity.
>
>    42.    Defendants engaged in conduct with Plaintiff that violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring continuously to annoy the person called.
>
>    43.    Defendants engaged in conduct in violation of Cal. Civ. Code § 1788.11(e):
>
>    **(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

Plaintiff's pleading gives Capital fair notice of her claim and Defendant Capital should be held to answer.

III.    CONCLUSION

For the reasons set forth above, Plaintiff asks that Capital's 12(b)(6) Motion be denied and Capital be held to answer.

                                    Respectfully submitted,

Dated:  2/10/08                     __/s/_____
                                    Irving L. Berg
                                    THE BERG LAW GROUP

                                    ATTORNEY FOR PLAINTIFF