Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendant
Capital One Bank, sued erroneously as Capital One Financial Corporation dba Capital One

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA AQUINO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE; CIR LAW OFFICES, LLP; CHRISTOPHER BEYER, an individual,<br><br>Defendants. | No.: 3:08-cv-00479 SC<br><br>**DEFENDANT CAPITAL ONE BANK'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OF PLAINTIFF MYRNA AQUINO [FRCP 12(B)(6)]**<br><br>Date:   March 7, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1<br><br>Compl. Filed:   December 11, 2007<br><br>Honorable:   Samuel Conti |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff admits that defendant Capital One Bank ("Capital One") is not a "debt collector" as defined in 15 U.S.C. §§ 1682 *et seq.* ("FDCPA"). Since the FDCPA only governs the actions of "debt collectors," Plaintiff's claim under the FDCPA fails against Capital One. The Complaint also fails to make any factual allegations of wrongdoing by Capital One under Plaintiff's Rosenthal Act claim. As such, the Complaint fails to state facts sufficient to constitute any cognizable claim for relief against Capital One, and should therefore be dismissed.

## II. ARGUMENT

### A. Capital One Is Not a "Debt Collector" Under the Federal FDCPA.

As Plaintiff admits, her first cause of action for violation of the FDCPA fails as a matter of law because Capital One is not a "debt collector" as defined by the statute. 15 U.S.C. § 1692. To state a cause of action under the FDCPA, a Plaintiff must allege that a defendant is a "debt collector." 15 U.S.C. § 1692a(6). Plaintiff admits that she "has not alleged Capital [One] is a debt collector under federal law."[1] Opp., 2:22-23. Consequently, Plaintiff's claim fails as a matter of law. FRCP 12(b)(6).

### B. The Complaint Does Not Allege a Violation of the Rosenthal Act.

Plaintiff's Complaint does not allege facts necessary to support a claim for violation of the Rosenthal Act. Under Rule 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[,] . . . [and must contain] enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Further, although allegations of material fact in the complaint are taken as true, mere conclusory allegations of law are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors v. Met. Water Dist. Of S. Cal.*, 159 F. 3d 1178, 1181 (9th Cir. 1998). Plaintiff ignores these requirements and provides no justification as to why her complaint should not be dismissed.

---

[1] Plaintiff suggests that removal was somehow improper because of her failure to allege Capital One is a "debt collector" under the statute. Challenging removal is not grounds to appose a motion to dismiss; nevertheless, the Complaint does not identify which defendant the federal FDCPA claim is asserted against. As such, removal of the action is proper.

The only factual allegations Plaintiff identifies are those stating that Capital One called Defendant six times over an approximately two week period after Plaintiff's attorney wrote a letter notifying Capital One that she was represented. Opp., 4:1-4; *also*, Complaint, ¶¶ 21, 22. Plaintiff offers no explanation as to how these allegations support any violation of the Rosenthal act. Plaintiff does not identify when the letter was sent or when it was received, and gives no information about the calls beyond the date on which they were made. Nevertheless, much like the Complaint, Plaintiff simply lists Code sections as though they are a substitute for factual allegations. Opp., 4:7-15; *also*, Complaint, ¶¶ 41-43. No factual allegations support a violation of any listed Code section. Plaintiff's legal conclusions and blanket assertions of liability do not substitute for the factual allegations necessary to defeat a motion for summary judgment. *Twombly*, 127 S. Ct. at 1965. Consequently, Plaintiffs claim fails as a matter of law and should be dismissed. FRCP 12(b)(6).

## III. CONCLUSION

Capital One respectfully requests that its Motion to Dismiss be granted as to all causes of action asserted against Capital One.

DATED: February 19, 2008

                REED SMITH LLP

                By: /s/ James E. Heffner
                    Attorneys for Defendant
                    Capital One Bank

DOCSSFO-12506281.2