UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA AQUINO, an individual, | Case No. 08-0479 SC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CAPITAL ONE'S MOTION TO DISMISS |
| v. | |
| CAPITAL ONE FINANCIAL CORPORATION dba CAPITAL ONE; CIR LAW OFFICES, LLP; CHRISTOPHER BEYER, an individual, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss filed by the defendant Capital One Bank, sued erroneously as Capital One Financial Corporation ("Capital One"). Docket No. 5. Plaintiff filed an Opposition and Capital One submitted a Reply. Docket Nos. 7, 10. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Capital One's Motion to Dismiss.

## II. BACKGROUND

Plaintiff was issued a credit card by Capital One and eventually fell behind on her payments. Notice of Removal, Docket No. 1, Ex. A, Compl. ¶¶ 15-17. Capital One attempted, unsuccessfully, to recover Plaintiff's missing payments. Id. ¶¶

21-26. Collection of Plaintiff's account was then designated to Defendant CIR Law Offices and Defendant Christopher Beyer by Defendant Capital One. Id. ¶ 27. After enduring aggressive collection practices by all three Defendants that were allegedly in violation of state and federal law, Plaintiff filed suit in the Superior Court of California for the County of San Francisco. Id. Defendants subsequently removed the action to this Court.

### III. DISCUSSION

#### A. Legal Standard

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. Id. Unreasonable inferences or conclusory legal allegations cast in the form of factual allegations, however, are insufficient to defeat a motion to dismiss. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

#### B. Analysis

Capital One has moved to dismiss both of Plaintiff's causes

2

of action as applied to Capital One. Plaintiff's first cause of action alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Capital One asserts that it is not a "debt collector," as defined by 15 U.S.C. § 1692a(6), and therefore cannot be in violation of the FDCPA. Plaintiff concedes that Capital One is not a "debt collector" under § 1692a(6). See Opp'n at 1.

"To state a claim for violation of the Fair Debt Collection Practices Act, a plaintiff must allege, inter alia, that . . . the defendant collecting the 'debt' is a 'debt collector' . . . ." Uyeda v. J.A. Cambece Law Office, Case No. 04-4312, 2005 WL 1168421, at *3 (N.D. Cal. May 16, 2005). As Plaintiff has not alleged that Capital One is a "debt collector" as defined by § 1692a, Plaintiff has failed to state a claim for violation of the FDCPA against Capital One. Amendment would not cure this defect. The FDCPA claim is therefore DISMISSED WITH PREJUDICE against Defendant Capital One.

Plaintiff's second cause of action alleges violations of the Rosenthal Fair Debt Collections Practices Act, ("RFDCPA"), California Civil Code §§ 1788 et seq. The RFDCPA is California's version of the federal FDCPA. Capital One asserts that Plaintiff has provided insufficient factual allegations to support this cause of action.[1] The Court disagrees and DENIES Capital One's Motion to Dismiss Plaintiff's claim for violations of the RFDCPA.

---

[1] The FDCPA and RFDCPA contain different definitions of "debt collector" and Capital One does not assert that it is not a debt collector under the RFDCPA.

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant Capital One's Motion to Dismiss. Plaintiff's claim against Defendant Capital One for violations of the federal FDCPA is DISMISSED WITH PREJUDICE. Capital One's Motion to Dismiss Plaintiff's claim for violations of the RFDCPA is DENIED.

IT IS SO ORDERED.

Dated: April 14, 2008

_____
UNITED STATES DISTRICT JUDGE