1 Aimee R. Morris, Esq., SBN 141699
CREDITOR IUSTUS ET REMEDIUM, LLP
2 8665 Gibbs Drive, Ste 150, San Diego, CA 92123
Mailing: PO Box 23189, San Diego, CA 92193-3189
3 Tel: (858) 496-8909, Ext. 3027
Fax: (858) 496-5977
4

5 Attorneys for Defendants
CIR LAW OFFICES, LLP and
CHRISTOPHER BEYER
6

7

8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11 MYRNA AQUINO, an individual,        )  **CASE NO. 3:08-CV-00479 SC**
                                       )
12        Plaintiff,                   )  **ANSWER AND DEMAND FOR**
                                       )  **JURY TRIAL FILED BY**
                                       )  **DEFENDANTS CIR LAW**
13 v.                                  )  **OFFICES, LLP AND**
                                       )  **CHRISTOPHER BEYER**
14                                     )
                                       )
15 CAPITAL ONE FINANCIAL               )
   CORPORATION dba CAPITAL ONE;        )
16 CIR LAW OFFICES, LLP;               )
   CHRISTOPHER BEYER, an individual,   )
17                                     )
                                       )
18        Defendants.                  )
   _____ )
19

20        Defendants CIR LAW OFFICES, LLP and CHRISTOPHER BEYER

21 (collectively known as "Defendants CIR") for themselves, and for no other

22 defendant answers the Complaint as follows:

23        1.    Answering Paragraph 1 of the Complaint, Defendants CIR both deny

24 that they have violated any statute, either *Cal. Civ. Code* §1788 *et seq.* ("CA

25 FDCPA"), or 15 U.S.C. §1692 ("FDCPA"). With regard to the remaining

26 allegations, Defendants CIR lack sufficient information and belief on which to

27 either admit or deny the allegations therein and on that basis deny each and every

28 allegation.

2.      Answering Paragraph 2 of the Complaint, Defendants CIR admit that the California legislature created laws to address unfair or deceptive collection practices, etc.

3.      Answering Paragraph 3 of the Complaint, Defendants CIR admit that the CA FDCPA incorporates certain provisions of the FDCPA.

4.      Answering Paragraph 4 of the Complaint, Defendants CIR deny that it has violated either the CA FDCPA or the FDCPA.

5.      Answering Paragraph 5 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

6.      Answering Paragraph 6 of the Complaint, Defendants CIR admit that they do business in this county, however, as to the remaining allegations contained in paragraph 6, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

7.      Answering Paragraph 7 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

8.      Answering Paragraph 8 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

9.      Answering Paragraph 9 of the Complaint, Defendants CIR denies that CAPITAL ONE is a debt collector as defined by *Cal. Civ. Code* §1788.2(c).  As to the remaining allegations, Defendants CIR lacks sufficient information and belief to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

10.    Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information and belief to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

11.    Answering Paragraph 11 of the Complaint, Defendants CIR admit that CIR LAW OFFICES is a California law office that does business from 8665 Gibbs Drive, Suite 150, San Diego, CA 92123; that service of legal process is made on its managing partner, Christopher Beyer.

12.    Answering Paragraph 12 of the Complaint, Defendants CIR admit that CHRISTOPHER BEYER ("Beyer") is an attorney and managing partner in the firm of CIR LAW OFFICES; service of process can be made on Defendant Beyer at 8665 Gibbs Dr, Ste 150, San Diego, CA 92123.

13.    Answering Paragraph 13 of the Complaint, Defendants CIR admit that Beyer is a debt collector as defined by 15 U.S.C. §1692a(6).

14.    Answering Paragraph 14 of the Complaint, Defendants CIR lacks sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

15.    Answering Paragraph 15 of the Complaint, Defendants CIR lacks sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

16.    Answering Paragraph 16 of the Complaint, Defendants CIR admits the allegations contained therein.

17.    Answering Paragraph 17 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

18.    Answering Paragraph 18 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

19.     Answering Paragraph 19 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

20.     Answering Paragraph 20 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

21.     Answering Paragraph 21 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

22.     Answering Paragraph 22 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

23.     Answering Paragraph 23 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

24.     Answering Paragraph 24 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

25.     Answering Paragraph 25 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

26.     Answering Paragraph 26 of the Complaint, Defendants CIR lack sufficient information and belief to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

27.     Answering Paragraph 27 of the Complaint, Defendants CIR admits that Beyer admits that he sent out a validation notice to the Plaintiff, however, as to the remaining allegations, Defendants CIR lack sufficient information and belief

on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

28.    Answering Paragraph 28 of the Complaint, Defendants CIR deny each and every allegation contained therein.

29.    Answering Paragraph 29 of the Complaint, Defendants CIR deny each and every allegation contained therein.

30.    Answering Paragraph 30 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

31.    Answering Paragraph 31 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

32.    Answering Paragraph 32 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

33.    Answering Paragraph 33 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

34.    Answering Paragraph 34 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

35.    Answering Paragraph 35 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

36.    Answering Paragraph 36 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

37.    Answering Paragraph 37 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

A.    Defendants CIR deny that they contacted Plaintiff after being notified Plaintiff was represented by an attorney and that all communications were to be to her attorney.

B.    Defendants CIR deny that they sent a collection letter over an attorney's letterhead and signature without any meaningful professional involvement by an attorney.

C.    Defendants CIR deny that they engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

D.    Defendants CIR deny that they engaged in any conduct with the intent to annoy, abuse or harass any person at any called number. As to the remaining allegations of subparagraph D, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

E.    Defendants CIR deny that they used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

38.    Answering Paragraph 38 of the Complaint, Defendants CIR deny that they committed any acts with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt. As to remaining allegations contained in Paragraph 38, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

39.    Answering Paragraph 39 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

40.    Answering Paragraph 40 of the Complaint, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

41.    Answering Paragraph 41 of the Complaint, Defendants CIR deny that they engaged in conduct with Plaintiff that violated *Cal. Civ. Code* §1788.11(b) by placing telephone calls without disclosing Defendant's identity.  As to any remaining allegations, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

42.    Answering Paragraph 42 of the Complaint, Defendants CIR deny that they engaged in conduct with Plaintiff that violated *Cal. Civ. Code* §1788.11(d) by causing a telephone to ring continuously to annoy the person called.  As to any remaining allegations, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

43.    Answering Paragraph 43 of the Complaint, Defendants CIR deny that they engaged in conduct in violation of *Cal. Civ. Code* §1788.11(e) as set forth fully in Paragraph 43.  As to any remaining allegations, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

44.    Answering Paragraph 44 of the Complaint, Defendants CIR deny that they engaged in conduct in violation of *Cal. Civ. Code* §1788.13(b) by the false representation that the person sending the collection letter from the agent, Defendant CIR, was an attorney or counselor at law.  As to any remaining allegations, Defendants CIR lack sufficient information and belief on which to

either admit or deny the allegations therein and on that basis deny each and every allegation.

45.    Answering Paragraph 45 of the Complaint, Defendants CIR deny that they engaged in conduct in violation of *Cal. Civ. Code* §1788.13(c) as set forth in Paragraph 45 of the Complaint.  As to any remaining allegations, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

46.    Answering Paragraph 46 of the Complaint, Defendants CIR deny that they engaged in conduct in violation of *Cal. Civ. Code* §1788.14(c).  As to any remaining allegations, Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein and on that basis deny each and every allegation.

47.    Defendants CIR lack sufficient information and belief on which to either admit or deny the allegations therein, including subsections A through E, and on that basis deny each and every allegation.

### FIRST AFFIRMATIVE DEFENSE

1.    As a separate, affirmative defense, Defendants CIR allege that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants CIR.

### SECOND AFFIRMATIVE DEFENSE

2.    As a separate, affirmative defense, Defendants CIR allege that the alleged actions of Defendants CIR were proper and did not violate any provision of 15 U.S.C. §1692 et seq.

### THIRD AFFIRMATIVE DEFENSE

3.    As a separate, affirmative defense Defendants CIR allege that at all times mentioned in the Complaint, Defendants CIR acted lawfully and within their legal rights, with a good faith belief in the exercise of that right, and in the

furtherance of a legitimate business purpose. Further, Defendants CIR acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendants, and each of them, were justified and lawful under the circumstances based on information reasonably available to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4.    As a separate, affirmative defense Defendants CIR allege that the alleged actions of the Defendants were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

5.    As a separate, affirmative defense Defendants CIR alleges that Defendants' conduct, communications and actions, were privileged and/or statutorily mandated.

### SIXTH AFFIRMATIVE DEFENSE

6.    As a separate, affirmative defense, assuming arguendo that these answering Defendants CIR violated a statute alleged in the Complaint, which presupposition the Defendants CIR deny, such alleged violation was not intentional and such alleged violation resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error pursuant to *Cal. Civ. Code* §1788.30(e) and 15 U.S.C.S. §1692k(c).

### SEVENTH AFFIRMATIVE DEFENSE

7.    As a separate, affirmative defense Defendants CIR allege that Plaintiff is barred from any recovery against these answering Defendants by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8.    As a separate, affirmative defense Defendants CIR allege that its law firm, at all times alleged in the Complaint, maintained reasonable procedures

1    created to prevent any type of intentional violations of the Fair Debt Collection

2    Practices Act.

3                      **NINTH AFFIRMATIVE DEFENSE**

4          9.      As a separate, affirmative defense Defendants CIR allege that if

5    Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then

6    Plaintiff's damages are limited by 15 U.S.C. §1692(k)(a)(1), §1692(k)(a)(2)(A),

7    §1692(k)(a)(3), 15 U.S.C. §1692(k)(b)(1), and California decisional and statutory

8    authorities.

9                      **TENTH AFFIRMATIVE DEFENSE**

10         10.     As a separate, affirmative defense Defendants CIR allege that

11   Defendants' conduct, communications and actions, if any, were privileged

12   pursuant to 15 U.S.C. §1692k(c).

13                   **ELEVENTH AFFIRMATIVE DEFENSE**

14         11.     As a separate, affirmative defense Defendants CIR allege that any

15   communications and actions by Defendants CIR, if any, were made due to

16   Defendant CAPITAL ONE BANK's and possibly other persons' failures to inform

17   these answering Defendants CIR of Plaintiff's representation by counsel.

18         WHEREFORE, Defendant prays as follows:

19         1.      Judgment be entered in favor of Defendants CIR;

20         2.      Defendants CIR be awarded its costs;

21         3.      For such other and further relief as the Court may deem just and

22                 proper.

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

1

## **DEMAND FOR JURY TRIAL**

2

PLEASE TAKE NOTICE that Defendants CIR demand trial by jury.

3

Dated:  April 14, 2008                         CIR LAW OFFICES

4

5

By:_____

6

Aimee R. Morris, Esq.

Attorney for Defendants

7

CIR LAW OFFICES, LLP and
CHRISTOPHER BEYER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Aimee R. Morris, Esq., SBN 141699
   CREDITOR IUSTUS ET REMEDIUM, LLP
2  8665 Gibbs Drive, Ste 150, San Diego, CA  92123
   Mailing:  PO Box 23189, San Diego, CA 92193-3189
3  Tel:    (858) 496-8909, Ext. 3027
   Fax:   (858) 496-5977
4
   Attorneys for Defendants
5  CIR LAW OFFICES, LLP and
   CHRISTOPHER BEYER
6

7

8              UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10 MYRNA AQUINO, an individual,        ) CASE NO. 3:08-cv-00479 SC
                                       )
11                                     ) PROOF OF SERVICE
           Plaintiff,                  )
12                                     )
                                       )
13 v.                                  )
                                       )
14 CAPITAL ONE FINANCIAL               )
   CORPORATION dba CAPITAL ONE;        )
15 CIR LAW OFFICES, LLP;               )
   CHRISTOPHER BEYER, an individual,   )
16                                     )
                                       )
17                                     )
           Defendants.                 )
18 _____ )

19

20

21

22

23

24

25

26

27

28

_____
AQUINO v. CAPITAL ONE, et al., Case No. 3:08-cv-00479 SC
PROOF OF SERVICE                                                    1

1    I, Aimee R. Morris, declare that I am, and was at the time of service of the papers

2    herein referred to, over the age of eighteen years, and not a party to the action; and I am

3

4    employed in the County of San Diego, California, in which county the within-mentioned

5    mailing occurred. My business address is 8665 Gibbs Drive, Ste 150, San Diego, CA

6    92123.

7

8        On April 14, 2008, I served the following documents:

9    1. ANSWER AND DEMAND FOR JURY TRIAL FILED BY DEFENDANTS CIR
        LAW OFFICES, LLP AND CHRISTOPHER BEYER;
10   2. PROOF OF SERVICE.

11

12   By placing a copy thereof in a separate envelope for each addressee named hereafter,
     addressed to each such addressee respectively as follows:
13

14   IRVING L. BERG, ESQ.
     THE BERG LAW GROUP
15   145 Town Center, PMB 493
     Corte Madera, CA 94925
16

17   ABRAHAM J. COLMAN, ESQ.
     DAVID S. REIDY, ESQ.
18   JAMES E. HEFFNER, ESQ.
     REED SMITH, LLP
19   Two Embarcadero Center, Suite 2000
     San Francisco, CA 94111-3922
20

21

22   [X] BY MAIL: I served the documents by enclosing them in an envelope and placing the
     envelope for collection and mailing following our ordinary business practices. I am readily
23   familiar with this business's practice for collecting and processing correspondence for
     mailing. On the same day that correspondence is placed for collection and mailing, it is
24   deposited in the ordinary course of business with the United States Postal Service in a sealed
     envelope with postage fully prepaid.
25

26   I declare under penalty of perjury under the State of California on April 14, 2008, that the
     foregoing is true and correct.
27                                                          (Aimee R. Morris)

28

---

AQUINO v. CAPITAL ONE, et al., Case No. 3:08-cv-00479 SC
PROOF OF SERVICE                                                                    2